UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BRANDI BURDINE, )
)
    Plaintiff, )
) 1:10-CV-194
v. ) Collier / Lee
)
COVIDIEN, INC., )
)
    Defendant. )

**O R D E R**

**I.    BACKGROUND**

Before the Court are several related discovery motions in this Fair Labor Standards Act[1] ("FLSA") case [Doc. 17, Doc. 19, Doc. 23, Doc. 27, Doc. 35]. The Court ordered the parties to meet and confer on January 28, 2011, and following that meeting, to submit memoranda explaining their positions with respect to all unresolved discovery issues [Doc. 28]. Accordingly, the Court considers any issues not raised in the post-conferral memoranda [Doc. 33, Doc. 36] to be abandoned.[2]

The parties also filed a "Rule 26(f) Report" in which they agreed to a deadline of February 28, 2011, for the completion of discovery for the purposes of certifying a collective action only [Doc. 37]. In the report, the parties agreed that the subjects on which discovery would be needed in this initial discovery phase are:

---

[1] 29 U.S.C. §§ 201-219.

[2] The parties also raised a new discovery dispute—namely, whether statements given to Plaintiff's counsel by a potential opt-in plaintiff are protected by the work-product privilege. As neither party has filed a motion to bring this matter before the Court, it is not considered here.

> a. Plaintiff's claims of substantial similarity to other pharmaceutical sales employees;
>
> b. Plaintiff's job duties and the duties of those to whom Plaintiff claims substantial similarity;
>
> c. The suitability of this matter for conditional certification as a collective action.

[Doc. 37 at 1].

The parties informed the Court that they plan to submit an updated "Rule 26(f) Report" and participate in another scheduling conference for the purpose of agreeing to deadlines for discovery on the merits of the claims and defenses in this matter once the Court has ruled on collective action status [Doc. 37 at 2]. Therefore, the Court will not address potential merits-discovery issues at this time.

## II. ANALYSIS

### A. Plaintiff's Motion to Compel

#### 1. Plaintiff's Interrogatories 4, 5, and 6 and Topics 2, 3, and 4 of 30(b)(6) Deposition

The parties' primary dispute involves Plaintiff's requests for the identities, contact information, job duties, and manner of compensation for each person holding the same job title as Plaintiff from January 1, 2007, to the present. Defendant argues that these requests, which seek information pertaining to third parties, are premature because this matter has not yet been conditionally certified as a collective action. Plaintiff responds that the discovery is necessary to make the "modest factual showing" required to gain conditional certification.

As Plaintiff notes, courts in our circuit have typically bifurcated discovery in FLSA collective actions, asking first "whether the suit should properly continue as a collective action," and second

"how best to define the collective action group or class." *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546-47 (6th Cir. 2006). The parties here find themselves at the first stage of this process. At this initial stage, a plaintiff must make a "modest factual showing" that "his position is similar . . . to the positions held by the putative class members" in order to gain "conditional" certification. *Id.* (internal quotes omitted). This factual showing is "fairly lenient"; the plaintiff need only show that she and the other potential plaintiffs "together were victims of a common policy or plan" which allegedly violated the law. *Id.*; *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002). If conditional certification is granted, those putative class members (on motion of the plaintiff, and at the court's discretion) may be notified of the action by the court. *Comer*, 454 F.3d at 546-47. Because of the "opportunities for abuse" which accompany the solicitation of potential plaintiffs to a collective action, trial courts have "both the duty and the broad authority to . . . enter appropriate orders" regarding discovery and notice in the early stages of an FLSA collective action. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-01 (1981).

The identities and addresses of "similarly situated" employees are, at least in some cases, discoverable before they have consented to becoming party plaintiffs. *Sperling*, 493 U.S. at 170. In *Sperling*, the Court held that identity information was at least relevant to the subject matter of the action, and indicated that it might also be discoverable for other reasons—"for instance that the employees might have knowledge of other discoverable matter." *Id.* Significantly, however, *Sperling* was authored before Fed. R. Civ. P. 26 was amended in 2000—i.e., at a time when relevance to the "subject matter" sufficed to make information discoverable even without a "good cause" showing. *See* Fed. R. Civ. P. 26 Advisory Committee's 2000 note to subdivision (b)(1).

Therefore, under the authority of *Sperling* and Rule 26, as amended, identity information is discoverable where the plaintiff shows "good cause" for broad subject matter discovery or where for some "other reason[]" it is relevant to a party's claim or defense.

This authority, while binding, remains admittedly vague, and courts have struggled to find consensus with respect to whether the identities of potential plaintiffs may be discovered prior to conditional certification. *Compare Boykin v. Comerica Mgmt Co.*, 2009 WL 2222899, *3 (E.D. Mich. July 22, 2009) (declining to allow "broad discovery aimed [merely] at identifying additional plaintiffs," as opposed to discovery sought "for some reason other than facilitating notice to plaintiffs") *and Knutson v. Blue Cross*, 254 F.R.D. 553, 557-58 (D. Minn. 2008) (concluding that where pre-certification plaintiff sought identity information for sole purpose of soliciting other plaintiffs, it was not relevant to any pending claims or defenses) *with Miklos v. Golman-Hayden Cos.*, 2000 WL 1617969, *2 (S.D. Ohio 2000) (allowing discovery "to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action") *and Hammond v. Lowe's*, 216 F.R.D. 666, 673 (D. Kan. 2003) (allowing discovery of identity information and other information designed to test whether the other employees were similarly situated). The Court concludes that, in our circuit, where a plaintiff must make a factual showing in order to qualify for conditional certification, a plaintiff must be allowed to discover the identities and job duties of her counterparts in order to determine whether they are, in fact, similarly situated. The necessity of this discovery establishes "good cause" for "subject matter" discovery.³

---

³ The Court does not foreclose the possibility that potential plaintiffs' identities and job duties may be relevant to an existing plaintiff's claims or defenses. For example, FLSA cases often require an inquiry into an employer's degree of control over its employees, and Defendant's treatment of other persons with Plaintiff's title may be relevant to show what Defendant expected of Plaintiff.

Accordingly, Plaintiff's motion to compel is **GRANTED IN PART** with respect to her Interrogatories 4, 5, and 6, and Topics 2, 3, and 4 of the Rule 30(b)(6) deposition. Defendant shall provide the identities, contact information, job duties, and manner of compensation for all employees sharing Plaintiff's job title. However, given the Court's "duty" to enter appropriate orders regarding notification of potential plaintiffs of the pending action, it is **ORDERED** that neither Plaintiff nor her representatives may solicit the persons identified in response to Interrogatory 4 to become part of this action unless and until authorized by future order of this Court. This limitation will allow Plaintiff to make the "modest" showing that "a class of similarly situated plaintiffs exists," *see Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 825 (E.D. Mich. 2009) (internal quotes omitted), while protecting against the potential abuses noted in *Sperling*.

### 2. Plaintiff's Interrogatory 9 and Request for Production 10

These requests seek information and documents regarding Plaintiff's sales territory and the physicians Plaintiff was expected to visit in the course of her duties. Defendant objects that the requests are not relevant. Plaintiff answers that the requests are "routine" FLSA requests, relevant to her job duties and performance. Plaintiff may be correct that the requests are relevant to the merits of her claims, but discovery on the merits has not yet commenced and Plaintiff has not shown how these requests are related to the initial discovery phase. As it appears that these requests are not designed to determine whether this matter should proceed as a collective action, Plaintiff's motion to compel responses to Interrogatory 9 and Request for Production 10 is **DENIED WITHOUT PREJUDICE**.

### 3. Plaintiff's Request for Production 3

In this request, Plaintiff seeks "all" documents describing Plaintiff's job duties. Defendant

objects that it cannot be sure that "all" documents have been produced, and that some responsive documents would be irrelevant. "Notwithstanding these objections," however, Defendant states that it has "agreed to produce responsive information." Accordingly, based on Defendant's representation, Plaintiff's motion to compel the production of documents named in Request for Production 3 is **DENIED AS MOOT**. If Plaintiff believes Defendant has withheld relevant responsive documents, Plaintiff may file another appropriate motion.

4. **Topic 5 of 30(b)(6) Deposition**

Plaintiff seeks to compel Defendant to produce a witness who will testify about Plaintiff's employment history—"all dates and hours of employment, all job duties assigned, all work assigned and/or performed, all training provided to and/or by Plaintiff, and all compensation paid." Defendant does not object to producing a witness to testify generally about this topic, but states it "cannot represent that any one person will possess information" "regarding each and every job duty and work assignment performed by Plaintiff *ever*." Plaintiff has clarified, however, she does not expect Defendant's 30(b)(6) witness to have "metaphysical" mastery of her employment history. Instead, Plaintiff asks only that Defendant's witness be prepared to discuss the information Defendant actually possesses about Plaintiff's job history. Given the clarification by Plaintiff and because Defendant does not object to the scope of this request generally, Plaintiff's motion to compel is **DENIED AS MOOT** with respect to Topic 5. Plaintiff may file another appropriate motion if the deponent does not adequately addresses this topic.

5. **Topics 6 and 7 of 30(b)(6) Deposition**

Here, Plaintiff seeks to compel Defendant to produce a witness who will testify as to "the reasons why Defendant did not keep an accurate record of Plaintiff's hours of work and/or

6

compensate Plaintiff at overtime rates" and Defendant's affirmative defenses. Defendant objects "to the extent" that Plaintiff seeks to discover its "legal bases" for any decision or defense, but Plaintiff argues only that testimony about the "factual bases" for these matters should be allowed. Because Defendant does not object to providing a witness to testify about the factual bases for these matters, Plaintiff's motion to compel is **DENIED AS MOOT** with respect to Topics 6 and 7. Again, Plaintiff may file another appropriate motion if the deponent does not adequately addresses this topic.

### 6. Topic 8 of 30(b)(6) Deposition

In this request, Plaintiff seeks all personnel policies pertaining to Plaintiff. Defendant argues the request is overbroad and/or irrelevant. For example, Defendant argues, dress code or drug testing policies are irrelevant to Plaintiff's overtime claim. Plaintiff responds that personnel policies are directly relevant to the issue of employee discretion versus employer control. The Court finds that the policies are relevant to the issue of employer control. That issue, however, is connected only to the merits of Plaintiff's claim, and has not been presented as being within the limited scope of the initial phase of discovery. Accordingly, Plaintiff's motion to compel with respect to Topic 8 is **DENIED WITHOUT PREJUDICE**.

### B. Defendant's Motion to Compel: Request for Production 25

Defendant seeks to compel Plaintiff to produce "[a]ll versions of profiles and all status updates" from Plaintiff's social networking sites since July 2007. Plaintiff argues persuasively that this request is overbroad and/or irrelevant, and Defendant has not answered these objections. Defendant has certainly not articulated any reason why this request is relevant to whether this matter should proceed as a collective action. Accordingly, Defendant's motion to compel a response to

Request for Production 25 is **DENIED WITHOUT PREJUDICE**.

### C. Dueling Protective Orders

Finally, the parties agree that a protective order should govern the production of confidential documents in this case. They disagree, however, with respect to whether confidential documents may be provided only to "fact witnesses" or to "potential witnesses and fact witnesses." The Court resolves this dispute as follows. Absent a showing of good cause, only persons identified as witnesses in the parties' initial disclosures or supplemental disclosures may be provided with confidential documents. If during discovery, however, it becomes necessary to provide such documents to a "potential witness," either party may file an appropriate motion at that time.

In addition, Plaintiff requests a provision prohibiting Defendant from contacting her potential employers without first seeking her permission or leave of the Court. Plaintiff represents that there are limited employment opportunities in her field, and she is concerned that Defendant's unrestricted contacts could "poison the well." The Court does not believe it necessary for Defendant to initiate contact with persons that Plaintiff identifies as potential employers during this initial phase of the discovery. Therefore, until the initiation of merits discovery and further order of the Court, Defendant shall not initiate contact with potential employers of Plaintiff about Plaintiff. The Court will address this issue further if necessary after the parties submit a discovery plan regarding merits discovery.

The parties are **ORDERED** to jointly submit a proposed protective order, agreed to in form, complying with this Order. Such order should be filed as a supplement to either party's motion for protective order by **Monday, February 14, 2011**.

**D. Schedule for Certification Stage of Proceedings**

In accordance with the parties' agreement, the scheduling order in this matter is amended as follows: Discovery with respect to the issue of whether this matter should proceed as a collective action shall be completed by **February 28, 2011**. Plaintiff shall file her motion for conditional certification by **March 30, 2011**. Thereafter, Defendant shall have **30 days** to file its response to Plaintiff's motion.

This Order disposes of Plaintiff's motion to compel [Doc. 17], Defendant's motion to compel [Doc. 27], and Plaintiff's motion to amend the scheduling order [Doc. 19]. The parties' motions for entry of a protective order [Doc. 23, Doc. 35] will remain pending until entry of the revised protective order.

If it is the intent of the parties to proceed with merits discovery on Plaintiff's claims prior to a determination of collective action status, they should endeavor to fully comply with Fed. R. Civ. P. 26(f) regarding merits discovery, including the submission of an appropriate discovery plan, before proceeding with discovery or seeking court intervention regarding any remaining discovery disputes.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE