UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BRANDI BURDINE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:10-CV-194 |
| v. | ) | |
| | ) | *Collier / Lee* |
| COVIDIEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' motion for conditional certification to proceed as a collective action [Doc. 60], which was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) [Doc. 130]. Plaintiffs, pharmaceutical sales representatives for Defendants,[1] allege on their own behalf and on behalf of those "similarly situated" that they were misclassified as exempt employees under the Fair Labor Standards Act ("FLSA"). For the reasons below, I **RECOMMEND** that Plaintiffs' motion for conditional certification [Doc. 60] be **GRANTED IN PART**.

The filings concerning the motion for conditional certification indicate all parties have taken this opportunity to argue the merits of their claims and defenses, but the ultimate viability of Plaintiffs' lawsuit is not now before the undersigned. Instead, as explained below, the Court's role in addressing the motion is to determine whether Plaintiffs have made a "modest factual showing" that the position of the named plaintiffs is "similar . . . to the positions held by the putative class members." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). Because

---

[1] For simplicity, I refer to Defendants collectively in this report and recommendation, acknowledging however that the parties dispute whether Defendant Covidien Inc. is properly a party to this action.

Plaintiffs have made such a showing, I **RECOMMEND** that the Court authorize notice to those potential plaintiffs. *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 167 (1989) (holding that trial courts have discretion to authorize notice).

A.      **Are the Named and Potential Plaintiffs Similarly Situated?**

The FLSA explicitly authorizes collective actions by a named plaintiff on behalf of herself "and other employees similarly situated." 29 U.S.C. § 216(b). No person may become a party, however, unless he or she gives "consent in writing," filed with the court where the action is brought. *Id.* Consent, of course, requires notice, and this Court has therefore adopted a two-step approach to determining whether named and potential plaintiffs are "similarly situated," authorizing notice to potential plaintiffs upon a "fairly lenient" showing of similarity, then applying a "more stringent" standard after all consents are received. *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 366-67 (E.D. Tenn. 2006). *See also Comer*, 454 F.3d at 546-47 (approving the two-step process). Under this two-step approach, an initial finding of similarity results in "conditional certification," but further discovery may result in "decertification" at the second step. *See White*, 236 F.R.D. at 367. A need for individualized findings regarding different plaintiffs may be a factor in the "fact-intensive" inquiry at the second step, but it "does not preclude notice under the first-stage analysis." *Id.* at 367, 373. *See also Comer*, 454 F.3d at 546-47 (noting that at the first stage, a plaintiff need only show "that 'his position is similar, not identical, to the positions held by the putative class members'").

To make the required "modest factual showing," Plaintiffs have presented the affidavits of Plaintiff Brandi Burdine, Plaintiff Alan Daly, Angie Gass, Joey Lizardo, and Lori Lynn Marchand [Doc. 55, 56, 57, 58, 59]. All of these affiants describe their job duties similarly—visiting the

2

offices of physicians to promote Defendants' products. The affiants also allege they worked more

than 40 hours per week, performing similar tasks, but were not paid overtime wages. Plaintiff

Brandi Burdine further alleges that she has spoken with other sales representatives of Defendants

and, as a result, is aware of no substantial difference between their duties. *See White*, 236 F.R.D.

at 368 (accepting hearsay in affidavits in support of conditional certification). Plaintiffs have also

presented excerpts from the deposition of Defendants' corporate representative, who testified that

there is no difference between the basic job duties of sales "representatives" and sales "specialists"

and that there are between 170 to 175 of the former and 50 to 75 of the latter located around the

United States [Doc. 65-1]. Finally, Plaintiffs have submitted several other documents indicating

there is conformity between the job descriptions and training programs of Defendants'

pharmaceutical sales representatives [Doc. 135-1, 136-1, 137-1, 138].

Based on the above-noted submissions, I **FIND** Plaintiffs have made, at least, a "modest"

showing of similarity between the named and putative plaintiffs. *See Wlotkowski v. Mich. Bell Tel.

Co.*, 267 F.R.D. 213, 217-18 (E.D. Mich. 2010); *Noble v. Serco, Inc.*, 2009 WL 3154252, *3 (E.D.

Ky. 2009). Moreover, Defendants have conceded that their duty with regard to the putative opt-in

plaintiffs is a legal question, and that there are no factual differences between their employees that

would be material to that legal question [Doc. 89 at Page ID # 1133]. Consequently, I **FIND** that

Plaintiffs have made the "modest factual showing" required by *White* and *Comer*.

### B.      Is Court-Authorized Notice "Appropriate"?

Defendants raise only one serious argument against conditional certification.[2]  They argue that this case will rise or fall on the applicability of certain exemptions to the FLSA's wage and overtime requirements.  Defendants ask the Court to deny or defer the motion for conditional certification until such time as those legal questions are resolved.  In Defendants' view, in other words, this is not an "appropriate case" for the Court to exercise its discretion to authorize notice.  *See Hoffman*, 493 U.S. at 169 (holding that "district courts have discretion, in appropriate cases, to . . . facilitat[e] notice to potential plaintiffs").  Defendants argue that collective actions exist primarily to serve the interests of judicial economy and efficiency.  Defendants argue that if Plaintiffs' allegations are legally insufficient, the certification issue will become moot and this action can be dismissed without incurring the cost of notifying potential plaintiffs or "stirring up" unnecessary litigation.  For the reasons stated below, however, I **CONCLUDE** that Plaintiffs have made the factual showing of similarity contemplated by *Comer*, and this is an "appropriate" case in which the Court may facilitate notice to potential opt-in plaintiffs.

### 1.      Does Conditional Certification Require an Analysis of Plaintiffs' Likelihood of Success?

Defendants argue that the Court should deny Plaintiffs' motion for conditional certification because Plaintiffs' claims are "novel."  According to Defendants, a court should not "certify a class,

---

[2] Defendants also argue that the Court should deny certification because there is not sufficient interest by potential opt-in plaintiffs. *See Frye v. Baptist Memorial Hosp.*, 2008 U.S. Dist. LEXIS 107139, *17 (W.D. Tenn. 2008) (considering, on motion to conditionally certify class, whether there were other employees who desired to opt-in).  Here, however, the purpose of conditional certification is to provide notice to those parties who *may* want to join the action.  Indeed, Plaintiffs have so far been prohibited from soliciting other potential plaintiffs [Doc. 38]. In *Frye*, to the contrary, the Plaintiff had already publicized the lawsuit without court-authorized notice. *Id.* at 13.

and launch a massive controversy, based upon the fallacious assertion that pharmaceutical sales personnel are not exempt [from FLSA requirements]" [Doc. 89 at Page ID 1131].

When ruling on a motion for conditional certification, should the court consider the merits of the underlying claims and defenses? Trial courts have not approached the issue uniformly. Many courts hold flatly that, at this first stage of the certification process, "the Court does not . . . decide substantive issues going to the ultimate merits . . . ." *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009). *Accord Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("A court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); *Fast v. Applebee's Intern., Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007) ("At this early stage of litigation, the Court does not reach the merits of the plaintiff's claims."); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 n.6 (M.D. Ala. 2004) ("Pokphand raises a number of arguments as to why the potential opt-in plaintiffs' claims would not have merit, including arguments it raised in its motions for summary judgment. However, the class-notification stage is not the time to resolve the merits of an FLSA suit."); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002) ("A court should not evaluate the merits of plaintiffs' claim in determining whether class notice is warranted.").

Other courts, however, appear to take the opposite approach, holding that "where a defendant employer shows . . . that it will likely succeed at trial in proving that the employees are not entitled under the FLSA to overtime compensation, a court may refuse to authorize notice or postpone deciding the issue pending further discovery and motion practice." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467, 477 (S.D.N.Y. 2008). *See also O'Neal v. Kilbourne Med.*

5

*Labs., Inc.*, 2007 WL 956428, *7 (E.D. Ky. 2007) (concluding that a named plaintiff cannot be similarly situated to potential plaintiffs with respect to a violation of the FLSA if the named plaintiff herself is exempt from the FLSA's requirements); *Olivio v. GMAC Mortg. Co.*, 374 F. Supp. 2d 545, 551 (E.D. Mich. 2004) (same). In *Amendola*, the court found that the plaintiff was likely exempt under the administrative exemption and concluded, on that basis, that notice to other potential plaintiffs "would not promote the fair and expeditious resolution of the claims raised in this action." 558 F. Supp. 2d at 477. *Amendola* has been criticized, however, because it provided "no direct citation for its holding that a court may refuse to authorize notice based on a merits analysis," but reasoned instead by analogy to Rule 23 class actions. *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 645-46 (S.D.N.Y. 2010). *See also Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 161 n.12 (N.D.N.Y. 2008) (rejecting *Amendola* on similar grounds).

Defendants rely on language cited in *Comer*, and repeated in other cases, that conditional certification requires a "modest factual showing sufficient to demonstrate that [the named plaintiffs] and potential plaintiffs together were victims of a common policy that *violated the law*." *Comer*, 454 F.3d at 547 (quoting *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)) (emphasis added). Defendants contend that Plaintiffs cannot show an employment practice which violates the law and, therefore, conditional certification is not warranted. The language quoted in *Comer*, which on its face might seem to require a preliminary evaluation of the merits of the challenged practice—that it "violated the law"—cannot bear the weight Defendants place on it. That language appeared in a parenthetical citation and the cited case was offered as support for a separate proposition—that plaintiffs need only make a modest factual showing of *similarity* in order to qualify for conditional certification. *Comer*, 454 F.3d at 547. In essence,

6

Defendants rely on a stray adjectival clause to argue that "appropriateness," as contemplated by *Hoffman*, requires more than a simple factual showing of similarity. *Hoffman* itself, however, forecloses the argument that plaintiffs must prevail on the merits of their case before other potential plaintiffs are notified. *Hoffman*, 493 U.S. at 170 (reasoning that court-authorized notice can facilitate the common resolution of issues "arising from the same *alleged* discriminatory activity") (emphasis added). *See also Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54-55 (S.D.N.Y. 2005) (stating that the court's focus is "not on whether there has been an actual violation of the law but rather on whether the proposed plaintiffs are 'similarly situated' . . . with respect to their *allegations*") (emphasis added).

While courts have occasionally considered the merits of an FLSA claim when ruling on a motion for conditional certification, I **CONCLUDE** that the better approach in this case asks only whether the named Plaintiffs are similarly situated to the potential plaintiffs. First, although the parties to this case have undertaken enough discovery to file cross motions for summary judgment, a motion for conditional certification will ordinarily come before the parties have engaged in extensive discovery. *See Cunningham*, 754 F. Supp. 2d at 647 (applying the lenient "first stage test until at least the completion of fact discovery"). Here, moreover, the parties have formally initiated discovery only with respect to the conditional certification question, and the Court has expressly declined to address "merits-discovery issues" at this time given the parties' agreement to conduct limited certification discovery [Doc. 38]. Second, and more importantly, this approach is more faithful to *Hoffman*, which makes clear that when *allegedly* unlawful conduct affects multiple employees, the FLSA does not "relieve employers of the burden of multiparty actions," but instead allows plaintiffs to pool their resources by litigating factually similar claims at once. *Hoffman*, 493

7

U.S. at 170, 173.  This "remedial goal" is to be "enforced to the full extent of its terms." *Id.* at 173.

As one court has noted, to adopt a test for conditional certification which asks whether the claim is

likely to be meritorious "would invariably defeat the . . . statutory intent to facilitate [that] broad

remedial purpose . . . ." *Ruggles*, 591 F. Supp. 2d at 158.

> **2.     Should the Court Defer Consideration of Plaintiffs' Motion for Conditional Certification?**

While a motion for conditional certification should not itself turn on the merits of the

underlying claims, a defendant who believes the plaintiff's allegations are insufficient as a matter

of law is free to file a dispositive motion.  Defendants have done so here, and argue that the interests

of judicial economy favor *deferring* Plaintiffs' motion for conditional certification until the Court

can rule on that pending motion.  In their motion for summary judgment, Defendants argue that

Plaintiffs cannot assert a viable cause of action for overtime under the FLSA because their

pharmaceutical sales representatives meet the administrative exemption and outside sales exemption

[Doc. 90].  Plaintiffs have also filed a motion for summary judgment in which they argue they

cannot be classified as exempt under either of those exemptions on the undisputed facts [Doc. 127].

Where the parties file dispositive motions alongside a motion for conditional certification,

the court may address those issues in either order.  *See Smith v. Johnson & Johnson*, 2008 WL

5427802, *12 (D.N.J. 2008) (granting the defendant's summary judgment motion and denying a

motion for conditional certification as moot); *White v. Baptist Memorial Health Care Corp.*, 2011

WL 1883959, *5 (W.D. Tenn. 2011) ("Where a named plaintiff's FLSA claim has failed, she

'cannot represent others whom she alleged were similarly situated.'").  The dispositive issues in this

case, however, are not yet fully briefed [*see* Doc. 139].  Nor are those issues likely to be clear-cut.

There is a circuit split regarding whether pharmaceutical representatives qualify under the FLSA's

8

outside sales exemption or administrative exemption. *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383 (9th Cir. 2011) (pharmaceutical representatives are exempt); *In re Novartis Wage and Hour Litigation*, 611 F.3d 141 (2d Cir. 2010) (pharmaceutical representatives not exempt).[3] The Sixth Circuit Court of Appeals has not yet weighed in on the issue. Because the law in this area is unsettled, I **FIND** that Court-authorized notice would further "the legitimate goal of avoiding a multiplicity of duplicative suits," whether Plaintiffs here are successful on the merits or not. *See Hoffman*, 493 U.S. at 172. Accordingly, I **RECOMMEND** that this case be conditionally certified as a collective action and that the Court authorize notice to potential opt-in plaintiffs.

## C.     Form and Scope of Notice

Plaintiffs ask for authorization of national notice to any pharmaceutical sales representatives or specialists who were employed by Defendants during the time period beginning on the date three years prior to the commencement of this action, July 20, 2007, and ending ten days before notice is to be mailed [Doc. 60, 60-1].

Defendants did not object to the form and scope of the notice proposed by Plaintiffs and Plaintiffs have shown that the class of potential plaintiffs is scattered "around the United States" [Doc. 65-1]. I **FIND** nothing in Plaintiffs' proposed notice [Doc. 60-1] or consent form [Doc. 60-2] that would give the appearance that the Court endorses the merits of the action. *See Hoffman*, 493 U.S. at 174. Plaintiffs' proposed notice, however, would cover a time period for which the statute of limitations has not been tolled [*see* Doc. 100]. In addition, the proposed notice does not contain

---

    [3] As Plaintiffs emphasize, the Department of Labor takes the position that pharmaceutical representatives are not exempt employees. *See Novartis*, 611 F.3d at 143-44.

9

a date by which consent forms must be returned. Accordingly, I **RECOMMEND**[4] that Plaintiffs'

motion [Doc. 60] be **GRANTED IN PART**, and that:

> (1) Plaintiffs be ordered to submit a revised proposed notice, and that the Court approve such notice for dissemination to any and all sales representatives or specialists, nationwide, who were employed by Defendants between February 11, 2008, and the date that is ten days before the notice is to be mailed,[5]

> (2) The Court impose a reasonable cutoff period of 45 days from the date the notice is mailed by which any opt-in plaintiffs must notify the Court of their participation, *see Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 404 (D.N.J. 1988) (approved by *Hoffman*, 493 U.S. at 172), and

> (3) The Court approve Plaintiffs' proposed consent form for dissemination along with the revised notice.

s/  *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[5] Sections V and VII of Plaintiffs' proposed notice indicates that the statute of limitations is continuing to run. While the statute is presently tolled by the Court's order, it will begin running again two weeks after the Court rules on the motion for conditional certification, and the statements in Sections V and VII of the proposed notice therefore do not appear to be misleading. In addition, by endorsing a time period beginning three years prior to the date on which the statute of limitations began to be tolled, the undersigned expresses no opinion with respect to whether Defendants' alleged violations should be considered "willful."