UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BRANDI BURDINE, *et al.*, )
)
       Plaintiffs, )
) 10-CV-194
v. )
) Chief Judge Curtis L. Collier
COVIDIEN, INC., *et al.*, )
)
       Defendants. )

## MEMORANDUM & ORDER

On June 22, 2011, United States Magistrate Judge Susan K. Lee filed a report and recommendation ("R&R" in this case, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a) (Court File No. 145). In the R&R, Judge Lee recommended Plaintiffs' motion for conditional certification of a collective action (Court File No. 60) be granted in part. Plaintiffs timely filed a "Motion for Reconsideration and Clarification Regarding Opt-In Period and Other Logistical Matters or, in the Alternative, Plaintiffs' Logistical Objections to Report and Recommendation" (Court File No. 152).[1] Defendants did not object to the R&R, but did respond in opposition to Plaintiffs' objection (Court File No. 153). For the following reasons, the Court will **ACCEPT** and **ADOPT IN PART** the R&R (Court File No. 145), will **GRANT** Plaintiffs' motion for conditional certification (Court File No. 60), and will **DENY IN PART** and **GRANT IN PART** Plaintiffs' motion/objection (Court File No. 152).

The Court begins with the simple: neither party has objected to the heart of the R&R, which is the Magistrate Judge's finding Plaintiffs have made the "modest factual showing" necessary for

---

[1] In actuality, this motion is a hybrid, containing one "objection," and several miscellaneous requests.

conditional certification, and her recommendation that the case be conditionally certified as a collective action. After reviewing the record, the Court agrees with the R&R in this respect, and accordingly **ACCEPTS** and **ADOPTS** the Magistrate Judge's findings of fact, conclusions of law, and recommendations with respect to the grant of conditional certification.

Plaintiffs' only true "objection" to the R&R concerns the recommended "reasonable cutoff period of 45 days from the date the notice is mailed by which any opt-in plaintiffs must notify the Court of their participation." Plaintiffs instead desire a 90 day opt-in period. Defendants, for their part, vehemently object, arguing the Court cannot "overturn" the recommended 45 day period because it is not "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a). Without adopting Defendants' view of the Court's impotence to revise recommended scheduling logistics without a finding of "clear erroneousness," the Court nonetheless agrees with the Magistrate Judge that 45 days is a reasonable opt-in period here, and so **DENIES** Plaintiffs' objection to this portion of the R&R. As there are no other objections to the Magistrate's Judge's recommendations regarding notice, the Court **ACCEPTS** and **ADOPTS** these recommendations as follows:

1. The Court **APPROVES** the proposed consent form (Court File No. 60-2);

2. The Court **IMPOSES** a reasonable cutoff period of 45 days from the date the notice is mailed by which any opt-in plaintiffs must notify the Court of their participation; and

3. The Court **ORDERS** Plaintiffs to submit for approval a proposed notice form containing the date-related revisions specified in the R&R.

Next, Plaintiffs seek a "declaration" that the Magistrate Judge's earlier "non-solicitation order" is no longer in effect. By its very terms, the Magistrate Judge's earlier limitation on solicitation does not apply once an order authorizing notice is entered. The "non-solicitation order," as Plaintiffs put it, is a line in an order resolving several discovery disputes. Early in the litigation,

Plaintiffs wanted to discover the identities and contact information for employees sharing the named Plaintiff's job title, in order to facilitate making the "modest factual showing" necessary for conditional certification. The Magistrate Judge approved this request, but in order to ensure the litigation cart did not get before the horse, ordered the Plaintiffs not to use this discovered information to "solicit the persons identified" until authorized by later court order.[2] An order conditionally certifying the collective action and approving notice is self-evidently such an order, thereby ending the period of non-solicitation.[3]

Additionally, Plaintiffs request an update to the list of employees and contact information previously supplied by Defendants. The earlier list only included individuals employed through late February, 2011. The R&R allows for dissemination of notice to employees employed from February 11, 2008 until the date 10 days before dissemination of notice. Thus, in order to issue notice to all employees falling within this period, Plaintiffs need updated information. The Court finds this to be reasonable, and **ORDERS** Defendants to provide an updated list including relevant individuals employed from late February, 2011 until the present.

Finally, Plaintiffs ask the Court to adopt a mechanism for filing consent forms, whereby Plaintiffs' counsel date stamps such forms upon arrival, but holds them so that they can be filed with the Court in one batch at the end of the notice period rather than piecemeal. The Court finds this

---

[2] The Court notes the Magistrate Judge restricted only *solicitation*, which is but a species of types of communication Plaintiffs could conceivably have with putative plaintiffs.

[3] Additionally, the Court notes that nothing in the R&R restricts the *means* by which Plaintiffs may disseminate notice. Although the R&R (as well as this Order) refers to the notice being "mailed," in context it is clear this terminology is not intended to limit modes of dissemination, but is merely exemplary. The Court is not inclined to issue an advisory list of approved modes of communication, instead trusting Plaintiffs to abide by all duties ethical and otherwise.

mechanism eminently reasonable, and **ORDERS** it be applied in this case.

      **SO ORDERED.**

      **ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4