UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BRANDI BURDINE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 10-CV-194 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| COVIDIEN, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendant Covidien, Inc.'s ("Covidien") motion to dismiss Covidien as a Defendant in this case (Court File No. 85). Covidien claims it is merely a "trade name" for codefendant Tyco Healthcare Group, LP ("Tyco"),[1] and thus, despite any contrary appearances, it was not truly Plaintiffs' "employer" for purposes of this FLSA suit. Covidien and Tyco admit Tyco was Plaintiffs' employer, and is therefore a proper Defendant. Plaintiffs oppose dismissal, arguing Covidien – which is Tyco's only General Partner, and is apparently the name typically used both publicly and internally to refer to Plaintiffs' employer – is a "joint employer" with Tyco, and thus a proper Defendant in this action.

The Court finds this motion to be premature. The determination of "joint employer [status] is essentially a factual issue." *Int'l Longshoremen's Ass'n v. Norfolk Southern Co.*, 927 F.2d 900, 902 (6th Cir. 1991). "A determination of whether the employment by the employers is to be

---

[1] There appears to be some confusion about Tyco's business form. In its motion for joinder, Plaintiffs sought to add Tyco Healthcare Group, *LP* as a party (Court File No. 68). The Court granted the motion for joinder, and ordered Plaintiffs to file an amended complaint (Court File No. 83). In the amended complaint, Plaintiffs named Tyco Healthcare Group, *LLC* as a Defendant, and that is how Tyco appears now on the docket. However, in subsequently filed documents, the parties typically refer to Tyco as an LP.

considered joint employment or separate and distinct employment for purposes of the [FLSA] depends upon *all the facts* in the particular case." 29 C.F.R. § 791.2(a) (emphasis added). To date, discovery in this case has been limited to the issue of whether the matter should proceed as a collective action. Although attachments to the parties' briefs reveals they may have touched on the joint employment issue in some depositions taken pursuant to the collective action issue, the Court does not believe "all the facts" relevant to determining the joint employment issue are yet before it. Accordingly, the Court **DENIES** the motion to dismiss Covidien as a party (Court File No. 85). *See* Fed. R. Civ. P. 56(d)(1). The parties may raise the issue again at the appropriate time.

    **SO ORDERED.**

    **ENTER:**

    **/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**